UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH PANDOLFO, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:20-cv-00535-AGF |
| EXACTECH, INC, et al., | ) ) ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

This products liability action arises out of an allegedly defective artificial knee replacement system designed and manufactured by Defendants.  The matter is now before the Court on Plaintiff's motion (ECF No. 48) to amend the Case Management Order and to continue trial.  Plaintiff asserts that extension of the CMO and the trial setting is necessary because he is planning to schedule additional knee surgery around the time of the current trial setting,  February 14, 2022, and because evidence regarding the additional surgery will be relevant to Plaintiff's claims for trial.  Plaintiff requests an extension of six months or more of all remaining deadlines, such that discovery would be completed by April of 2022[1] and trial reset for September of 2022.

Defendants oppose the motion in part.  Defendants do not object to continuing the trial setting in light of Plaintiff's additional surgery, and Defendants also agree to limited discovery regarding the additional surgery inasmuch as that surgery may impact Plaintiff's claim for damages.  But Defendants do not agree to a wholesale extension of discovery deadlines, particularly to the extent the discovery relates liability, as opposed to damages.  Defendants

---

[1]  The current deadline to complete all discovery is September 23, 2021.

argue that Plaintiff's additional knee surgery should not impact the liability discovery deadline.

In a reply brief, Plaintiff argues that there are still several outstanding disputes regarding liability discovery that may be the subject of future motions to compel and may thus warrant an extension of all discovery and related deadlines.

Upon careful consideration of the parties' arguments, the Court concludes that Plaintiff has shown good cause to extend the CMO deadlines in part, in order to complete limited additional discovery and to extend the dispositive motion deadlines and trial setting. But the Court agrees with Defendants that the extension of discovery deadlines should be limited to complete only that discovery which is related to the additional knee surgery. Plaintiff's arguments regarding extension of the deadline to complete other discovery due to outstanding discovery disputes were improperly raised for the first time in a reply brief and are also speculative. If future discovery motion practice necessitates further extension of the schedule, the parties may address such a need at the appropriate time. But the Court strongly encourages the parties to work in good faith to tailor discovery to the needs of the case and to avoid unnecessary motion practice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend Case Scheduling Order and Continue Trial (ECF No. 48) is **GRANTED in part and DENIED in part as follows**:

1. The deadline to complete discovery related to Plaintiff's anticipated future knee surgery only is extended until **April 15, 2022**.

2. Any motions for summary judgment or motions for judgment on the pleadings must be filed no later than **April 22, 2022**. Responses shall be filed no later than **28 days** after the motion is filed (and no later than **May 20, 2022**) and any reply may be filed no later than **14 days** thereafter (and no later than **June 3, 2022**).

2

      3.      Any motions under *Daubert* shall be filed no later than **April 22, 2022**.

      4.      The prior trial setting of February 14, 2022 is **VACATED,** and the jury trial is **RESET** for **September 12, 2022** at **9:00 AM**. This is a **three week** docket.

Except as amended herein, the Case Management Order shall remain in effect.

*/s/ Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of August, 2021.